IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VINCENT CANNADY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-05038-MDH |
| ) | |
| MISSOURI DEPARTMENT OF HEALTH, ) | |
| et al., ) | |
| Defendants. ) | |

## ORDER

On April 19, 2021, Plaintiff filed a *pro se* complaint against Missouri Department of Health, Brian C. Wimes, David S. Baker, Fisher, Patterson, Sayler & Smith, Jane Doe, John Doe, Harold Dump, Thomas Pyle, Hugh Jenkins, Earnest Broughton, Scott Patterson, and Melissa Miller. (Doc. 1). Plaintiff has also filed a motion for summary judgment. (Doc. 3).

Plaintiff's *pro se* complaint is extremely difficult to decipher. Plaintiff lists numerous defendants and makes several general allegations but fails to set forth specific allegations against each defendant regarding the basis for his claims. Plaintiff's motion for summary judgment states Plaintiff filed a lawsuit against Judge Pyle, Judge Dump, Judge Wimes and Hugh Jenkins because they "quashed discovery in Bates County, costing Plaintiff funds and loss of Material Fact that Melissa Miller is not contactable…" (Doc. 3). Plaintiff argues the Department of Mental Health violated Cannady's ADA rights; Earnest violated Plaintiff's civil rights; Baker retaliated against Plaintiff in collusion with Jenkins; Patterson continues malicious prosecution in violation of Plaintiff's ADA rights; Miller filed a false charge against Plaintiff; Baker's law firm is complicit in malicious defense; and the Office of Administration refused to pay unemployment. *Id.*

Plaintiff has failed to establish a basis for summary judgment and as set forth below, the defendants in this case have not yet been properly served. As a result, Plaintiff's motion for summary judgment is **DENIED** without prejudice. (Doc. 3).

In addition, Plaintiff requests that he be appointed counsel in this matter. (Doc. 21). A civil litigant has no constitutional or statutory right to court-appointed counsel. *Dumas v. Adler*, No. 06-3458-CV SFJG, 2006 WL 3937246, at *1 (W.D. Mo. Dec. 20, 2006) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Nonetheless, a district court *may* appoint counsel through the exercise of its sound discretion after considering factors such as the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of legal issues. *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986). Plaintiff's filings provide insufficient evidence and argument to justify the appointment of legal counsel in this case. Therefore, Plaintiff's Motion for Appointment of Counsel (Doc. 21) is **DENIED**.

Further, in attachments to his motion for appointment of counsel, Plaintiff also asks the Court to stay all proceedings including answering the motions to quash and dismiss "because he is disabled." (Doc. 21-1). Plaintiff moves the Court for an extension of time to answer the pending motions so he might find an attorney to represent him because he is disabled. (Doc. 21-2). These "motions" are filed as exhibits to Plaintiff's motion for appointment of counsel. However, the Court will rule on the motions for purposes of the record. For the reasons set forth below, Plaintiff's request for more time to answer Defendants' pending motions, is **DENIED as moot.** Plaintiff's request that the lawsuit be stayed is also **DENIED**. If Plaintiff does not wish to pursue his claims at this time he may dismiss his *pro se* complaint without prejudice. There is no basis for the Court to issue a stay.

Finally, defendants Baker and Fisher, Patterson, Sayler & Smith LLP have filed a Motion to Dismiss. (Doc. 18). Defendants argue Plaintiff has not properly served the Defendants pursuant to Fed. R. Civ. P. 4. Defendants also argue Plaintiff has failed to satisfy the federal pleading standard by providing factual allegations to state a claim that is plausible on its face and should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). This Court agrees that Plaintiff's allegations are extremely hard to follow and understand. Defendants argue Plaintiff's allegations do not give them fair notice of the claims and grounds upon which Plaintiff's claims are brought. The Court finds this argument well taken. However, based on the record before the Court regarding these, and the other Defendants, the Court finds Plaintiff has not yet properly served the defendants pursuant to Fed. R. Civ. P. 4.

Defendant Judge Dump and defendant Jenkins have also filed motions to quash Plaintiff's purported service of process. (Docs. 14 and 16). Defendants argue Plaintiff has not obtained proper service of process on them. The Court agrees.

Wherefore, based on a review of the record before the Court, the Court **GRANTS** the motions to quash service (Docs. 14 and 16) and **GRANTS**, in part, the Motion to Dismiss (Doc. 18). Plaintiff must properly obtain service on the named Defendants, pursuant to Fed. R. Civ. P. 4, within 45 days of the date of this Order. Failure to properly serve Defendants shall be grounds for dismissal of Plaintiff's complaint. Plaintiff is further cautioned that his *pro se* complaint (Doc. 1) is difficult to decipher and may be subject to a motion to dismiss for failure to state a claim if, and when, Defendants are properly served. However, defendants Baker and Fisher, Patterson, Sayler & Smith LLP.'s Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED** without prejudice at this time.

**IT IS SO ORDERED.**

Dated: October 25, 2021                          */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL
                                                 UNITED STATES DISTRICT JUDGE**