IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VINCENT CANNADY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-05038-MDH |
| ) | |
| MISSOURI DEPARTMENT OF MENTAL, ) | |
| HEALTH, et al., ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant the Honorable Harold Dump's Motion to Dismiss. (Doc. 26). Defendant has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to file a response to the motion and the time to do so has expired.[1] The motion is now ripe for review.

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

[1] Plaintiff had requested, and the Court granted, an extension of time to serve the named Defendants in this case. (Doc. 25). Plaintiff has been granted up to and including February 6, 2022, to obtain service on the remaining Defendants. However, Plaintiff did not respond to Defendant's pending motion to dismiss and the motion is now ripe.

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). While the Court must liberally construe *pro se* pleadings, it does not excuse *pro se* litigants from compliance with the substantive and procedural rules of the Court. *Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984).

Plaintiff brings his claims against Judge Dump alleging Defendant violated Plaintiff's constitutional rights by ignoring Plaintiff's request for an ADA accommodation and that Judge Dump has violated 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff is currently before the Bates County Circuit Court as a defendant in a pending criminal case where Judge Dump is the current presiding judge. Defendant moves to dismiss Plaintiff's claims arguing he is entitled to judicial immunity and further that the ADA claims are not cognizable against him.

Generally, Defendant argues Plaintiff has pled conclusory allegations and legal conclusions and has failed to assert factual allegations to withstand a 12(b)(6) motion. Defendant argues, as a result, Plaintiff fails to meet the *Twombly* standard for pleading and dismissal of the complaint is appropriate. *Bell Atl. Corp. v. Twombly*, 550 at 555. In addition, Defendant argues Plaintiff's claims pertain to his judicial role in Plaintiff's pending criminal case and that actions taken in that criminal case are performed in his judicial capacity establishing acts of a judicial nature and subject to immunity from suit. *See Bliven v. Hunt,* 579 F.3d 204, 210 (2d Cir. 2009) and *Mireles v. Waco,* 502 U.S. 9, 11 (1991). This Court has reviewed the general conclusory allegations of Plaintiff against Judge Dump and finds that not only has Plaintiff failed to allege

facts sufficient to state a claim, even if a claim could be construed, the allegations pertaining to Judge Dump's involvement or actions taken in Plaintiff's underlying criminal case would be barred by judicial immunity.

Furthermore, with regard to Plaintiff's ADA claim, the Court does not find Plaintiff has stated any factual allegations against Judge Dump to survive a motion to dismiss. In addition, Judge Dump is not a public entity for ADA purposes and therefore not subject to Title II. "[T]he issue of judicial immunity simply never arises because no individual, including a state court judge, may be held liable under Title II of the ADA." *See e.g., Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016).

Wherefore, for the reasons set forth herein, the Court hereby **GRANTS** the Motion to Dismiss (Doc. 26) and dismisses Judge Dump from this lawsuit.

**IT IS SO ORDERED.**

Dated: January 18, 2022                */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**