**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **VINCENT CANNADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cv-05038-MDH** |
| | ) | |
| **MISSOURI DEPT. OF HEALTH, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court are the Missouri Department of Mental Health and Missouri Office of Administration's Motion to Dismiss (Doc. 73); Judge Earnest and Scott Patterson's Motion to Dismiss (Doc. 75); and Plaintiff's Motion for Hearing. (Doc. 82). The motions are ripe for review.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(internal citations omitted); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. In considering the complaint, the Court is to accept all factual allegations as true. While a *pro se* pleading must be construed liberally, they still must comply with substantive and procedural rules. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Circ. 1984).

Federal Rule of Civil Procedure 12(b)(2) authorizes the dismissal of a complaint if a plaintiff does not make a prima facie showing of personal jurisdiction over the defendant. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003) (citations omitted). "Jurisdiction is appropriate only where a defendant has sufficient 'minimum contacts' with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice.'" *Id.*

## DISCUSSION

1. **Defendants Missouri Department Of Mental Health And Missouri Office Of Administration's Motion To Dismiss Plaintiff's Amended Complaint (Doc. 73).**

Defendants Missouri Department of Mental Health ("MDMH") and Missouri Office of Administration ("MOA") move to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) stating Plaintiff has failed to state claim. It appears Plaintiff asserts claims against these Defendants under Title VII; the American with Disabilities Act of 1993; the 4th, 6th, and 14th Amendments; and USERA Title 38 USC Section 4311. Defendants argue that Plaintiff's claims are conclusory, without sufficient facts to support his claims, and that he fails to explain how either MOA or MDMH are liable for any alleged conduct. Defendants state Plaintiff was given the opportunity to provide clarification of his claims, and despite being given that opportunity, Plaintiff has still failed to describe what events he alleged happened, who was involved, and what specifically happened to Plaintiff upon which he bases his claims.

Defendant MOA states giving Plaintiff's complaint the most liberal construction, Plaintiff alleges he was terminated by MOA for filing complaints with the MCHR and EEOC, but that Plaintiff does not describe what those complaints were, when they were made, when his termination occurred, or that his termination was retaliatory. With regard to a disability claim, Plaintiff makes an allegation about a "racially biased supervisor" but then alleges this supervisor

2

worked for a different employer – DNR. Defendant MDMH argues Plaintiff has not alleged any facts against it that would establish liability and merely references "collusion" with no specifics of any alleged wrongdoing by this Defendant.

Finally, Defendants argue Plaintiff has failed to exhaust his administrative remedies with the EEOC for any alleged claims and only makes vague references to complaints he allegedly made to the EEOC and the MHRA. Plaintiff does not refence a right to sue letter from any administrative agencies in his First Amended Complaint. Plaintiff merely alleges he "filed numerous Missouri Human Rights Commission and EEOC discrimination complaints…"

In response to the motion to dismiss, Plaintiff has submitted numerous documents, including but not limited to, his termination letter from the State of Missouri Office of Administration Information Technology Services Division dated May 3, 2018; email correspondence from 2016 and 2017; an acknowledgement of an accommodation letter from the Office of Administration Human Resources dated February 2016; and a right to sue letter issued from the EEOC dated December 14, 2018.

While Plaintiff's response provides more information than the allegations contained in his First Amended Complaint, the basis for his current lawsuit are still not entirely clear. Defendants argue the Court should not evaluate the substance of Plaintiff's exhibits because they are not set forth in his complaint. However, even taking Plaintiff's *pro se* filings into consideration, Plaintiff's claims based on any alleged wrongdoing related to his employment, and his right to sue letter, would be time barred. The right to sue letter Plaintiff has submitted is dated December 14, 2018. Plaintiff had 90 days from the receipt of that notice to file a lawsuit and the lawsuit in this case was filed in April 2021. As a result, any employment claims arising out of these allegations are time barred.

3

Further, reviewing the allegations in a light most favorable to Plaintiff there are simply no claims that can survive a motion to dismiss. Here, the Court has taken Plaintiff's allegations and reviewed his Complaint in a light most favorable to him. The Court previously informed Plaintiff that his complaint was extremely difficult to decipher and granted him the opportunity to clarify his allegations. Plaintiff has simply failed to do so.

As a result, the Court finds Plaintiff has failed to state a claim against Defendants that can survive a motion to dismiss. Defendants Missouri Department of Mental Health and Missouri Office of Administration's motion to dismiss is **GRANTED.**

2. **Motion To Dismiss Defendants Earnest And Patterson As Parties And/Or Motion To Dismiss The Amended Complaint (Doc. 75).**

Defendants Judge Earnest and State's Attorney Patterson move to dismiss Plaintiff's claims because: (1) this Court lacks personal jurisdiction over Judge Earnest and State's Attorney Patterson; (2) the Complaint fails to state a claim upon which relief can be granted; (3) Judge Earnest is protected by absolute judicial immunity; (4) State's Attorney Patterson is protected by absolute prosecutorial immunity; and (5) the suit against Judge Earnest and State's Attorney Patterson is barred by Eleventh Amendment immunity.

Judge Earnest is a retired state court judge who presides over certain Maryland state court matters as a senior judge. State's Attorney Patterson is the chief prosecutor in Talbot County, Maryland. Judge Earnest and State's Attorney Patterson are both exclusively employed in the State of Maryland. Defendants argue Plaintiff's conclusory allegations raised in this lawsuit relate to a criminal matter pending in Maryland state court. In the Maryland state court action Judge Earnest has presided over certain matters with regard to Plaintiff and State's Attorney Patterson serves as chief prosecutor in those matters. See Case No. C-20-CR-20-000023, Circuit Court for Talbot County, Maryland. Defendants state they have only interacted with Plaintiff within their

respective professional roles in the Maryland state court proceeding. Defendants further argue there are no relevant contacts between the State of Missouri and these Defendants. As a result, Defendants argue there is no personal jurisdiction over them and the case should be dismissed. This Court agrees.

Here, Plaintiff has not alleged personal jurisdiction and none exists with regard to these Maryland defendants. "Personal jurisdiction concerns 'whether the controversy or the defendant has sufficient contracts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant . . . .'" *N2 Select, LLC v. N2 Glob. Sols., Inc.*, No. 4:18-CV-00001-DGK, 2019 WL 654457, at *1 (W.D. Mo. Feb. 15, 2019). "Due process requires sufficient minimum contacts between [a] nonresident defendant and the forum state such that the exercise of personal jurisdiction over the nonresident defendant is consistent with traditional notions of fair play and substantial justice." *Dunmire v. Lee*, No. 05-0774CVWFJG, 2005 WL 3359171, at *2 (W.D. Mo. Dec. 9, 2005) (citations omitted). In determining whether there are sufficient minimum contacts, the Court can consider: (1) the nature and quality of any contact; (2) the quantity of the contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum; and (5) the convenience of the parties. *Id.*

In addition, even if Plaintiff had filed suit in a court with personal jurisdiction, Defendants argue Plaintiff alleges vague conclusions that Judge Earnest violated his civil rights under the Americans with Disabilities Act of 1996, the Civil Rights Act of 1964, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and that the only "factual allegations" relate to the Judge's rulings on motions, handling of the case, and certain alleged ways in which Judge Earnest spoke to Plaintiff's spouse. Defendants state that similarly the allegations against State's Attorney Patterson are conclusory statements alleging that State's Attorney Patterson violated his

civil rights under the Americans with Disabilities Act of 1996, the Civil Rights Act of 1964, Title 38 of the U.S. Code, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. The allegations against Patterson also contain vague, unclear, conclusory statements related to the handling of Plaintiff's criminal case. Defendants argue this is not enough to state a claim. Again, this Court agrees.

Finally, any claims against Judge Earnest arising out of the state court proceedings would be barred by absolute judicial immunity as they relate to the Judge in his official capacity. See *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020), cert. denied, 141 S. Ct. 1071 (2021). The claims against Patterson are barred by absolute prosecutorial immunity for the same reasons. *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). Finally, claims against Judge Earnest and Patterson in their official capacities would also be barred by the Eleventh Amendment.

Wherefore, after a review of the record, and for the reasons set forth in Defendants Judge Earnest and State's Attorney Patterson's Motion to Dismiss, the Motion is **GRANTED.** Defendants Judge Earnest and State's Attorney Patterson are dismissed.

### 3. Plaintiff's Motion for an Oral Hearing (Doc. 82).

Finally, Plaintiff has filed a motion for oral hearing "based on the merits of the case." Plaintiff states that he cannot respond to the reply suggestions filed by Defendants and requests he be allowed to present oral responses during a hearing for the Court to review the filings and evidence that support his case. The Court has reviewed the record before it and finds no basis to grant a hearing in this case. Plaintiff's motion is **DENIED**. (Doc. 82).

**IT IS SO ORDERED.**

Dated: December 20, 2022          */s/ Douglas Harpool*
                                  **DOUGLAS HARPOOL**
                                  **UNITED STATES DISTRICT JUDGE**